UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CASEY WELCHES,               )
                                    )
            Petitioner              )
                                    )
      v.                            )        CAUSE NO. 3:08-CV-152 RM
                                    )
LAKESIDE CORRECTIONAL FACILITY,     )
                                    )
            Respondent              )

OPINION AND ORDER

Robert Casey Welches, a <u>pro se</u> prisoner, filed a petition for habeas corpus under 28 U. S. C. §2254 to challenge his 42-year sentence that the Lake County Superior Court imposed on July 7, 1995, after his guilty plea of murder during a burglary.

Mr. Welches did not directly appeal his conviction and sentence. Ten years later, on June 7, 2005, Mr. Welches filed a belated appeal in the Indiana Court of Appeals. That court remanded the matter to the trial court on March 29, 2006. Following the remand, Mr. Welches again appealed to the Indiana Court of Appeals, which denied relief on September 5, 2007. On November 11, 2007, the Indiana Supreme Court denied transfer. Almost four months later, on March 24, 2008, Mr. Welches signed this petition, which presents three grounds for relief: (1) the sentence violated <u>Blakely v. Washington</u>, 542 U. S. 296 (2004)[1]; (2) the trial court abused its discretion by aggravating the sentence; and (3) the sentence is

_____

[1]With limited exceptions, in <u>Blakely</u> the Supreme Court held a criminal defendant's maximum sentence may not be increased on the basis of facts that are neither found by a jury nor admitted by the defendant. <u>Blakely</u>, 542 U.S. at 310.

inappropriate in light of the offense and character of the offender. (docket # 1 at 7-8).

Habeas corpus petitions are subject to a one-year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Welches's conviction became final before the April 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEPDA"). As a result, the one-year period of limitation ended April 24, 1997, unless it was tolled.

Because no one advised him that he could directly appeal his sentence, Mr. Welches asserts his conviction did not become final in 1995 after the time to directly appeal expired. This statement is susceptible to two interpretations. Mr. Welches might claim implicitly that the limitation period started after the end of his belated appeal based on a newly-recognized constitutional right under Blakely, supra. Another interpretation is that Mr.

Welches believes the trial court's failure to tell him he could appeal his sentence was a state-created impediment not removed until he obtained a belated appeal. Either reading supports the conclusion that, pursuant to § 2244(d)(1)(B) or (C)[2], Mr. Welches contends the time to file the habeas petition was tolled from his sentencing on July 7, 1995, until the Indiana Supreme Court denied transfer in his belated appeal on November 11, 2007.

Mr. Welches hasn't shown that state action prevented him from filing this petition to apply § 2244(d)(1)(B)'s tolling provision. Although neither § 2244 nor the court of appeals has defined what constitutes an "impediment," for purposes of § 2244(d)(1)(B), the statute's plain language makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition. <u>Lloyd v. Vannatta</u>, 296 F. 3d 630, 633 (7th Cir. 2002). That Mr. Welches wasn't told he could directly appeal his sentence did not prevent him from filing a habeas petition.[3] Nor does he allege that he could not have filed a habeas petition between the time he was sentenced and when he filed the belated appeal. In <u>Powell v. Davis</u>, 415 F.3d 722 (7th Cir. 2005), the court of appeals explained that petitioner could have filed a "protective" petition in federal court and asked the court "to stay and abey the federal habeas proceedings until state remedies are exhausted." <u>Id.</u> at 728 (citation omitted).

Mr. Welches's reliance on the <u>Blakely</u> decision doesn't bring him under §

---

[2]Since Mr. Welches does not allude to any alleged newly-discovered facts, no arguable basis to apply § 2244(d)(1)(D) exists.

[3]His submissions suggest he filed a post-conviction petition for review in the trial court before proceeding on belated appeal.

2244(d)(1)(C)'s tolling provisions. Assuming <u>Blakely</u> announced a newly-recognized constitutional right, the United States Supreme Court hasn't determined it retroactively applies to cases on collateral review.[4] The court of appeals has held it does not. <u>McReynolds v. United States</u>, 397 F. 2dd 479 (7th Cir. 2005); <u>Simpson v. United States</u>, 376 F. 3d 679 (7th Cir. 2004); *see also* <u>Gutermuth v. Indiana</u>, 868 N. E. 2d 427, 435 (Ind. 2007) (also holding that the opportunity to file a belated appeal did not mean a case was not "final").

A case is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." <u>Griffith v. Kentucky</u>, 479 U. S. 314, 321 n. 6 (1987) (<u>citing United States v. Johnson,</u> 457 U. S. 537 (1992). <u>See also</u>: <u>Linkletter</u> <u>v. Walker</u>, 381 U. S. 618 (1965). "Final judgment in a criminal case means sentence. The sentence is the judgment." <u>Berman v. United States</u>, 302 U.S. 211, 212 (1937). The conviction and sentence of a defendant who proceeds on a belated appeal is, by definition, final because the procedure is only available when an eligible defendant does not file a timely notice of appeal. Indiana Post-Conviction Rule 2(1).

Because no tolling provisions apply, § 2244(d)(1)(A) determines the limitations period. Mr. Welches indicates he didn't file a notice of appeal after the July 1995 sentencing. The time for him to do so expired thirty days later on August 6, 1995, IND. R. APP. P. 57(c)(2), so the one-year habeas limitation period ended April 24, 1997, one year after the

---

[4] The United States Supreme Court granted certiorari in <u>Burton v. Stewart</u>, 547 U.S. 1178 (2006), to answer those questions but did not decide them after determining the district court lacked jurisdiction over the prisoner's unauthorized second petition. <u>Burton v. Stewart</u>, 549 U. S. 147 (2007).

4

AEPDA's effective date. Mr. Welches signed this petition on March 24, 2008. Between April 24, 1997, and May 24, 2008, no "properly filed application for State post-conviction or other collateral review" was pending to toll the time under 28 U.S.C. § 2244(d)(2).

By the time Mr. Welches filed his petition for leave to file a belated appeal, almost nine years had elapsed since he could have filed a timely habeas petition. Filing the belated appeal didn't toll the time to file his petition. There was no time left to toll.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

The court DISMISSES the petition. SO ORDERED.

ENTERED: October 16 , 2008.

                                    /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court